**PALMER BIEZUP & HENDERSON** LLP
By: Michael B. McCauley (MM 7231)
140 Broadway, 46th Floor
PMB 46030
New York, NY 10005
(212) 406-1855
Attorneys for Defendants Bean Dredging LLC,
Bean Excavation, LLC, C.F. Bean LLC



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ERIC GROVE,

      Plaintiff,

      vs.

BEAN DREDGING, LLC, *et al.*

      Defendants/Third-Party Plaintiffs,

      vs.

GMD SHIPYARD CORP., and
BINDER MACHINERY COMPANY, LLC,

      Third-Party Defendants.

---------------------------------------------------------------

Civ. No: 07 CV 8650

The Honorable John G. Koeltl

**THIRD-PARTY COMPLAINT**



Defendants and Third-Party Plaintiffs Bean Dredging, LLC, Bean Excavation, LLC, and C.F.

Bean, LLC, (hereinafter "Third-Party Plaintiffs") by their undersigned attorneys, submit the

following Third Party Complaint against GMD Shipyard Corp., and Binder Machinery Co., LLC

(hereinafter "Third-Party Defendants") as follows:

PBH: 193321.1

1

1.    This Honorable Court has subject matter jurisdiction over this Third-Party Complaint as Plaintiff brought this action pursuant to 28 U.S.C. §1332 and §1333.    Alternatively, this Honorable Court has subject matter jurisdiction over this Third-Party Complaint pursuant to pendent, ancillary and supplemental jurisdiction (28 U.S.C. §1367).

2.    Plaintiff, Eric Grove, filed a Complaint against Third-Party Plaintiffs in the United States District Court for the Southern District of New York on October 10, 2007, a true and correct copy of which is attached hereto as Exhibit "A".

3.    Third-Party Plaintiffs filed their Answer to Complaint on November 5, 2007, a true and correct copy of the Answer is attached hereto and made part hereof as Exhibit "B".

4.    Third Party Plaintiffs repeat and reiterate each and every response in their Answer to Complaint (Exhibit "B") as if same were set forth herein at length.

5.    At all times material hereto Defendant Bean Excavation, LLC was and still is a business entity organized under the laws of the State of Louisiana, with an office and principal place of business at 1055 St. Charles Avenue, Suite 500, New Orleans, Louisiana 70130.

6.    On or about July 21, 2006, Plaintiff was an employee of Defendant Bean Excavation, LLC.

7.    At all times material hereto Third-Party Defendant, GMD Shipyard Corp. was a business entity with a registered office and corporate headquarters at 111 Livingston Street, Suite 1110, Brooklyn, New York.

PBH: 193321.1

2

8.    At all times material hereto Third-Party Defendant, Binder Machinery Co., LLC was a business entity with a registered office and corporate headquarters at 2820 Hamilton Boulevard, South Plainfield, New Jersey.

9.    On or about July 21, 2006, Third-Party Defendants provided maintenance and repair services to Bean Excavation, LLC aboard the dredge Tauracavor located at the GMD Shipyard in Brooklyn, New York.

10.    On or about July 21, 2006, one or more agents, servants and/or employees of Third-Party Defendants designed, constructed, maintained, and controlled a work area and provided equipment in connection therewith consisting of, *inter alia*, a ladder and wooden platform, aboard the dredge Tauracavor.

11.    The Complaint (Exhibit "A") alleges that Third-Party Plaintiffs are liable to Plaintiff for alleged personal injuries he claims he sustained on or about July 21, 2006 while working on the dredge Tauracavor at the Brooklyn Naval Yard, State of New York.

12.    Third-Party Defendants, by their respective agents, servants and/or employees, were responsible for the work and the work area and equipment utilized during the repair on the dredge Tauracavor on or about July 21, 2006, and owed a duty to, among others, the vessel, its owners, employees and agents to perform such work in a safe, proper and workmanlike manner.

13.    If the allegations contained in Plaintiff's Complaint are proven to be true, which is denied by Defendants/Third-Party Plaintiffs, then any alleged injuries, losses and damages claimed by Plaintiff were caused by the fault, neglect, and breaches of warranties by Third-Party Defendants, who are directly liable jointly and severally to Plaintiff, and who, in the alternative, are obligated to

indemnify Defendants/Third-party Plaintiffs for all sums which they may be required to pay, including attorneys' fees and the other costs of defending this action.

14.    If the allegations contained in Plaintiff's Complaint are proven to be true, which are denied by Defendants/Third-Party Plaintiffs, then any alleged accident, injuries, losses and damages claimed by Plaintiff were caused by the primary, active and direct fault, negligence, breaches of contract, breaches of warranties, breaches of the warranty of workmanlike service, recklessness, willful and wanton conduct, and want of reasonable care under the circumstances on the part of Third-Party Defendants, and each of them.

15.    In the event it is determined at trial that Plaintiff is entitled to recover, which is denied by Third-Party Plaintiffs, then Plaintiff is entitled to recover solely from Third-Party Defendants jointly and severally pursuant to Rule 14 of the Federal Rules of Civil Procedure, without any contribution whatsoever from Third-Party Plaintiffs.

16.    In the event it is determined at trial that Plaintiff is entitled to recover any damages whatsoever against Defendants/Third-Party Plaintiffs by reason of the allegations set forth in the plaintiff's Complaint, said liability, entitlement to recovery, and allegations of Plaintiff, being specifically denied by Third-Party Plaintiffs, then Third-Party Plaintiffs are entitled to full indemnity and/or contribution from Third-Party Defendants, and each of them, including attorneys' fees and the other costs of defending Plaintiff's original action.

WHEREFORE, Third-Party Plaintiffs, Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC, demand judgment in their favor and against Plaintiff, Eric Grove, dismissing his Complaint with prejudice along with an award of costs and attorneys' fees, or in the alternative, that

judgment be entered in favor of Third Party Plaintiffs and directly against Third-Party Defendants,

GMD Shipyard Corp. and Binder Machinery Co., LLC, jointly, or alternatively that judgment be

entered in favor of Defendants/Third-Party Plaintiffs and against Third-Party Defendants, for

indemnity and/or contribution, with an award of costs and attorneys' fees, along with such other

relief as this Honorable Court may deem appropriate.


Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: New York, New York        By: _____
November 16, 2007                        Michael B. McCauley (MM 7231)
                                         Attorneys for Defendants
                                         Bean Dredging LLC,
                                         Bean Excavation, LLC, C.F. Bean LLC
                                         140 Broadway, 46th Floor
                                         PMB 46030
                                         New York, NY 10005
                                         (212) 406-1855
                                         mmccauley@pbh.com

PBH: 193321.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of

Defendants' Third-Party Complaint was made to the below-listed counsel on November 16, 2007

via United States First-Class Mail, postage prepaid, as follows:

Michael H. Zhu, Esq.
MICHAEL H. ZHU, ESQ. P.C.
14 Wall Street, 22nd Floor
New York, New York 10005


PALMER BIEZUP & HENDERSON LLP

Dated: New York, New York          By: _____
      November 16, 2007          Michael B. McCauley (MM 7231)
                                           Attorneys for Defendants,
                                           Bean Dredging LLC,
                                           Bean Excavation, LLC, C.F. Bean LLC
                                         140 Broadway, 46th Floor
                                           PMB 46030
                                           New York, NY 10005
                                         (212) 406-1855
                                         mccauley@pbh.com

ALL-STATE® LEGAL   800-222-0510   E0511   RECYCLED



IN THE UNITED STATES DISTRICT COURT **07 CIV 8650**
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC GROVE                                  CIVIL ACTION
P.O. Box 46843                              Index No.
Las Vegas, Nevada 89114


                                            JURY TRIAL DEMANDED

          v.


BEAN DREDGING LLC
1055 St. Charles Avenue., Suite 500
New Orleans, Louisiana 70130                

          and

BEAN EXCAVATIONS LLC
1055 St. Charles Avenue., Suite 500
New Orleans, Louisiana 70130

C.F. BEAN,LLC
1055 St. Charles Avenue., Suite 500         **(WAIVER OF FILING FEE**
New Orleans, Louisiana 70130                **28 USC SECTION 1916)**


----------------------------------------X

          Plaintiff hereby claims of the defendant a sum in excess

of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages

upon the following causes of action:

          1.     Plaintiff is a seaman.

          2.     This action is brought pursuant to the Maritime Law

of the United States as modified by the Jones Act, 46 U.S.C. §§688

et seq.

          3.     At all times material hereto, one or more of the

defendants were doing business at the Brooklyn Naval Yard, State

of New York.

          4.     At all times material hereto, plaintiff was in the

employ one or more of the defendants as a deck hand at the rate of

pay and for the terms as set forth in his contract of employment.

5.    On or about July 21, 2006, while at sea, plaintiff suffered injuries while under the employment of one or more of the defendants.

6.    Plaintiff's injuries were caused by the negligence of one or more of the defendants, their agents, servants, workmen and employees, by the unseaworthiness of the vessel, and by one or more of the defendants' breach of their obligation under the circumstances.

7.    Solely by reason of the negligence of one or more of the defendants, plaintiff sustained personal injuries.

**WHEREFORE**, plaintiff demands judgment against one or more of the defendants in excess of the sum of One Hundred and Fifty Thousand Dollars ($150,000.00), with costs and interest, and brings this action to recover same.

SECOND CAUSE OF ACTION

In Admiralty

Plaintiff claims of one or more of the defendants maintenance and cure and wages in such amount as may be determined by the Court upon the following cause of action:

8.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7, inclusive, of this Complaint with the same force and effect as if fully set forth and repeated herein.

9.    Plaintiff, by virtue of his services upon the said vessel, claims maintenance and cure and wages for the period of this

-2-

disability in an amount which to your Honorable Court shall deem just and proper upon the trial of this cause.

10. All and singular, the premises contained herein are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, plaintiff prays that judgment be entered against one or more of the defendants for such maintenance and cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs and counsel fees as the Court may deem just and proper.

Dated:    New York, New York
          October 4, 2007

                              BY:_____
                              Michael H. Zhu, Esquire
                              Michael H. Zhu, Esquire P.C.
                              14 Wall Street, 22nd Floor
                              New York, New York 10005
                              Attorney for Plaintiff


Of Counsel:
Rudolph V. DeGeorge, II, Esquire
BARISH◆ROSENTHAL
Bell Atlantic Tower
1717 Arch Street, Suite 4020
Philadelphia, PA  19103
(215) 923-8900

### ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the United States District Court, Southern District of New York:  That the undersigned is a member of the firm of Michael H. Zhu, Esq. P.C., attorneys for plaintiff Eric Grove, in the within action; that the undersigned has read the foregoing Verified Complaint and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by plaintiff is that the plaintiff resides outside the state where the undersigned maintains his offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows: books, records, correspondence, investigation and other documentation in the possession of the undersigned.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:    New York, New York
          October 4, 2007

Michael H. Zhu

-4-



ALL-STATE® LEGAL    800-222-0510    E2551    RECYCLED

**PALMER BIEZUP & HENDERSON LLP**
By: Michael B. McCauley (MM 7231)
140 Broadway, 46th Floor
PMB 46030
New York, NY 10005
(212) 406-1855
Attorneys for Defendants Bean Dredging LLC,
Bean Excavation, LLC, C.F. Bean LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

|  |  |  |
|---|---|---|
| ERIC GROVE, | : | Civ. No:  07 CV 8650 |
|  | : |  |
| Plaintiff, | : | The Honorable John G. Koeltl |
|  | : |  |
| vs. | : |  |
|  | : |  |
| BEAN DREDGING, LLC, et al. | : | **ANSWER TO COMPLAINT** |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

------------------------------------------------------------------

Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC, by their

undersigned attorneys, answer the Complaint filed herein by Plaintiff Eric Grove as follows:

**ANSWER TO FIRST COUNT**

1.    The averments in Paragraph 1 of Plaintiff's Complaint are conclusions of law and

therefore are denied.

2.    The averments in Paragraph 2 of Plaintiff's Complaint are conclusions of law and

therefore are denied.

3.    Admitted as to Bean Excavation LLC; otherwise denied.

PBH: 193228.1

1

4.    Admitted in part; denied in part.  It is admitted only that Plaintiff was in the employ of defendant Bean Excavation LLC on July 21, 2006.  The remaining averments in Paragraph 4 of Plaintiff's Complaint are denied.

5.    Admitted in part; denied in part.  It is admitted only that Plaintiff was in the employ of defendant Bean Excavation LLC on July 21, 2006.  The remaining averments in Paragraph 5 of Plaintiff's Complaint are denied.

6.    Denied.

7.    Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff dismissing Count I of his Complaint with prejudice.

## ANSWER TO SECOND COUNT

8.    Answering defendants repeat and re-allege each and every answer to paragraphs one through seven of Plaintiff's Complaint and incorporate the same herein as if fully set forth at length.

9.    Denied.

10.    The averments in Paragraph 10 of Plaintiff's Complaint are conclusions of law and therefore are denied.

WHEREFORE, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing Count II of his Complaint with prejudice, and further demand judgment in their favor dismissing the Complaint in its

entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

### FIRST DEFENSE

The Complaint fails to state a claim against answering defendants for which relief can be granted.

### SECOND DEFENSE

The damages or injuries alleged in Plaintiff's Complaint, if they occurred, which is denied, were the result of acts, errors, omissions or negligence of other parties for which answering defendants are not responsible.

### THIRD DEFENSE

The plaintiff's own negligence was the sole cause of his alleged injuries and accordingly, plaintiff's claims must be dismissed.

### FOURTH DEFENSE

Plaintiff was contributorily negligent and any damages to which he is entitled must be reduced accordingly.

### FIFTH DEFENSE

The damages or injuries, or some portion thereof, alleged in Plaintiff's Complaint, if they occurred, which is denied, were the result of the plaintiff's assumption of the risk, for which answering defendants are not responsible.

### SIXTH DEFENSE

PBH: 193228.1

3

Plaintiff's alleged damages, if any, were solely caused by the failure of Plaintiff to mitigate his damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred or decreased by the doctrine of setoff.


**WHEREFORE**, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing the Complaint in its entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate and just under the circumstances.


Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP


Dated: New York, New York
       November 5, 2007

By:   /s/ Michael B. McCauley          
     Michael B. McCauley (MM 7231)
    Attorneys for Defendants Bean Dredging
    LLC, Bean Excavation, LLC, C.F. Bean LLC
    140 Broadway, 46th Floor
    PMB 46030
    New York, NY 10005
    (212) 406-1855
    mmccauley@pbh.com

PBH: 193228.1

4

AO 441  (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

PLAINTIFF
 Eric Grove

V. DEFENDANT AND THIRD PARTY PLAINTIFF

 Bean Dredging, LLC; Bean Excavation, LLC;
 C.F. Bean LLC

V. THIRD PARTY DEFENDANT
 GMD Shipyard Corp.

## THIRD PARTY SUMMONS IN A CIVIL ACTION

Case Number:  07-cv-8650 (JGK)

To: Name and address of Third Party Defendant

 GMD Shipyard Corp.
 111 Livingston Street, Ste 1110
 Brooklyn, NY  11201-5078

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

 Michael H. Zhu, Esq.
 MICHAEL H. ZHU, ESQ. P.C.
 14 Wall Street, 22nd Floor
 New York, NY  10005

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

 Michael B. McCauley, Esq.
 PALMER BIEZUP & HENDERSON LLP
 140 Broadway, 46th Floor
 PMB 46030
 New York, NY  10005

an answer to the third-party complaint which is served on you with this summons, within _____twenty (20)_____ days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

NOV 1 9 2007

| CLERK | DATE |

(By) DEPUTY CLERK

✎AO 441  (Rev. 8/01)  Third Party Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER | TITLE | |

| Check one box below to indicate appropriate method of service |
|---|

☐ Served personally upon the third-party defendant.  Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

| DECLARATION OF SERVER |
|---|

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____

                  Date              Signature of Server

                                 _____

                                 Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 441  (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York _____

PLAINTIFF
  Eric Grove

## THIRD PARTY SUMMONS IN A
## CIVIL ACTION

V. DEFENDANT AND THIRD PARTY PLAINTIFF

  Bean Dredging, LLC; Bean Excavation, LLC;
  C.F. Bean LLC

Case Number:  07-cv-8650 (JGK)

V. THIRD PARTY DEFENDANT
  Binder Machinery Co., LLC

To: Name and address of Third Party Defendant

  Binder Machinery Co., LLC
  2820 Hamilton Boulevard
  South Plainfield, NJ  07080

### YOU ARE HEREBY SUMMONED and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Michael H. Zhu, Esq.<br>MICHAEL H. ZHU, ESQ. P.C.<br>14 Wall Street, 22nd Floor<br>New York, NY   10005 | Michael B. McCauley, Esq.<br>PALMER BIEZUP & HENDERSON LLP<br>140 Broadway, 46th Floor<br>PMB 46030<br>New York, NY   10005 |

an answer to the third-party complaint which is served on you with this summons, within ___twenty (20)___ days after the service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint.  There is also served on you with this summons a copy of the complaint of the plaintiff.  You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

NOV 1 9 2007

CLERK _____

DATE _____

(By) DEPUTY CLERK _____

✎AO 441  (Rev. 8/01)  Third Party Summons in a Civil Action

<table>
<tr><td colspan="2" align="center">**RETURN OF SERVICE**</td></tr>
<tr><td>Service of the Summons and complaint was made by me[1]</td><td>DATE</td></tr>
<tr><td>NAME OF SERVER</td><td>TITLE</td></tr>
</table>

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant.  Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
               Date                        *Signature of Server*

                                  _____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.