**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X
ERIC GROVE
P.O. Box 46843
Las Vegas, Nevada 89114
        Plaintiff,

   -against-

BEAN DREDGING LLC
1055 St. Charles Avenue., Suite 500
New Orleans, Louisiana 70130,

BEAN EXCAVATION LLC
1055 St. Charles Avenue., Suite 500
New Orleans, Louisiana 70130,

C.F. BEAN, LLC
1055 St. Charles Avenue., Suite 500
New Orleans, Louisiana 70130,

GMD SHIPYARD CORP.,
111 Livingston Street, Suite 1110,
Brooklyn, New York 11201,

       and

BINDER MACHINERY CO., LLC
2820 Hamilton Boulevard,
South Plainfield, New Jersey 07080
        Defendants.

---------------------------------X

CIVIL ACTION
Index No. 07-civ-8650

JURY TRIAL DEMANDED

**AMENDED COMPLAINT**

## PARTIES

1.   Plaintiff, Eric Grove, resides in Las Vegas, Nevada.

2.   At all times material hereto, Defendants, Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC

1

(hereinafter collectively "the Bean Defendants"), were and are currently business entities organized under the laws of the State of Louisiana, with offices and principal places of business at 1055 St. Charles Avenue, Suite 500, New Orleans, Louisiana 70130.

3. At all times material hereto, Defendant, GMD Shipyard Corp. (hereinafter "GMD"), was a business entity with a registered office and corporate headquarters at 2820 Hamilton Boulevard, South Plainfield, New Jersey.

4. At all times material hereto, Defendant, Binder Machine Co., LLC (hereinafter "Binder), was a business entity with a registered office and corporate headquarters at 111 Livingston Street, Suite 1110, Brooklyn, New York.

## JURISDICTION AND VENUE

5. Plaintiff hereby claims of Defendants a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages upon the causes of action set forth below.

6. Plaintiff brings a cause of action pursuant to the Maritime Law of the United States as modified by the Jones Act, 46 U.S.C. §§688, *et seq.*, against the Bean Defendants and, as such, this Honorable Court has subject matter jurisdiction over the aforementioned Defendants.

7. Furthermore, this Honorable Court has subject matter jurisdiction over Defendants, GMD and Binder, pursuant to pendent, ancillary, and supplemental jurisdiction (28 U.S.C. § 1367), as well as pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1333.

**FIRST CAUSE OF ACTION**
**JONES ACT, 46 U.S.C. §§688, et seq.**
**Eric Grove v. Bean Dredging, LLC, Bean Excavations, LLC, and C.F. Bean, LLC**

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7, inclusive, of this Complaint with the same force and effect as if fully set forth and repeated herein.

9. Plaintiff is a seaman.

10. This action is brought pursuant to the Maritime Law of the United States as modified by the Jones Act, 46 U.S.C. §§ 688, et seq.

11. At all times material hereto, Plaintiff was in the employ one or more of the Bean Defendants as a deck hand at the rate of pay and for the terms as set forth in his contract of employment.

12. On or about July 21, 2006, while at sea, Plaintiff suffered injuries while under the employment of one or more of the Bean Defendants.

13. Plaintiff's injuries were caused by the negligence of one or more of the Bean Defendants, their agents, servants, workmen and employees, by the unseaworthiness of the vessel, and by one or more of the Bean Defendants' breach of their obligation under the circumstances.

14. As a direct and proximate result of the negligence, carelessness, recklessness, and/or unlawful conduct of the Bean Defendants, Plaintiff was caused to suffer severe and permanent injuries.

**WHEREFORE**, Plaintiff, Eric Grove, demands judgment against one or more of the Bean Defendants in excess of the sum of One Hundred and Fifty Thousand Dollars ($150,000.00), with costs and interest, and brings this action to recover same.

### SECOND CAUSE OF ACTION
### In Admiralty
### Eric Grove v. Bean Dredging, LLC, Bean Excavations, LLC, and C.F. Bean, LLC

Plaintiff claims of one or more of the Bean Defendants maintenance and cure and wages in such amount as may be determined by the Court upon the following cause of action:

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14, inclusive, of this Complaint with the same force and effect as if fully set forth and repeated herein.

16. Plaintiff, by virtue of his services upon the said vessel, claims maintenance and cure and wages for the period of this disability in an amount which to your Honorable Court shall deem just and proper upon the trial of this cause.

17. All and singular, the premises contained herein are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, Plaintiff, Eric Grove, prays that judgment be entered against one or more of the Bean Defendants for such maintenance and cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs and counsel fees as the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### In NEGLIGENCE
### Eric Grove v. GMD Shipyard Corp.

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint with the same force and effect as if fully set forth and repeated herein.

19. Plaintiff's injuries were caused by the negligence, of GMD, its agents, servants, workmen, and/or employees, and by GMD's breach of its obligation under the circumstances.

20. As a direct and proximate result of the negligence, carelessness, recklessness, and/or unlawful conduct of GMD, Plaintiff was caused to suffer severe and permanent injuries.

**WHEREFORE**, Plaintiff, Eric Grove, demands judgment in his favor and against GMD and award the following relief: compensatory damages in an amount to be determined; damages in an amount of all consequential damages of GMD's conduct including, but not limited to, attorneys' fees and costs incurred as a result of GMD's actions; damages for all pain and suffering ensured by Plaintiff; punitive damages; costs, interest and attorneys' fees; and any other such further and additional relief that this Honorable Court deems appropriate.

### FOURTH CAUSE OF ACTION
### In NEGLIGENCE
### Eric Grove v. Binder Machinery Co., LLC

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint with the same force and effect as if fully set forth and repeated herein.

22. Plaintiff's injuries were caused by the negligence, of Binder, its agents, servants, workmen, and/or employees, and by Binder's breach of its obligation under the circumstances.

23. As a direct and proximate result of the negligence, carelessness, recklessness, and/or unlawful conduct of Binder, Plaintiff was caused to suffer severe and permanent injuries.

**WHEREFORE**, Plaintiff, Eric Grove, demands judgment in his favor and against Binder and award the following relief: compensatory damages in an amount to be determined; damages in an amount of all consequential damages of Binder's conduct including, but not limited to, attorneys' fees and costs incurred as a result of Binder's actions; damages for all pain and suffering ensured by Plaintiff; punitive damages; costs, interest and attorneys' fees; and any other such further and additional relief that this Honorable Court deems appropriate.

Dated:  New York, New York
        June 10, 2008

BY: _____
Michael H. Zhu, Esq.

Michael H. Zhu, Esq. P.C.
14 Wall Street, 22nd Floor
New York, New York 10005
Attorney for Plaintiff

Of Counsel:
Samuel J. Rosenthal, Esquire
BARISH♦ROSENTHAL
Bell Atlantic Tower
1717 Arch Street, Suite 4020
Philadelphia, PA  19103
(215) 923-8900