KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English, Esq. (CE 9890)
75 Maiden Lane, Suite 402
New York, New York  10038-4816
Tel.:  212-430-0800
Fax:  212-430-0810
Attorneys for Defendant
GMD SHIPYARD CORP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC GROVE,

    Plaintiff,

  -against-

BEAN DREDGING LLC, BEAN EXCAVATION LLC, C.F. BEAN LLC, GMD SHIPYARD CORP., and BINDER MACHINERY CO., LLC,

    Defendants.

---

BEAN DREDGING LLC, BEAN EXCAVATION LLC and C.F. BEAN LLC,

    Third-Party Plaintiffs,

  -against-

GMD SHIPYARD CORP. and BINDER MACHINERY CO., LLC,

    Third-Party Defendants.

Case No. 07 CV 8650 (JGK)

ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT

---

  Defendant GMD Shipyard Corp. (hereinafter "GMD"), by and through undersigned counsel, as and for its answer to the plaintiff's Amended Complaint, alleges upon information and belief as follows:

## PARTIES

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the amended complaint.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the amended complaint.

3. Admits that GMD was at material times a corporation or other business entity organized and existing under the laws of one of the states of the United States and, except as so admitted, denies the allegations in paragraph 3 of the amended complaint.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the amended complaint.

## JURISDICTION AND VENUE

5. Denies basis for the allegations in paragraph 5 of the amended complaint.

6. To the extent that the contents of paragraph 6 of the amended complaint recite legal argument or call for legal conclusions, no response is required from GMD. To the extent paragraph 6 of the amended complaint includes factual

allegations, GMD lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

7. To the extent that the contents of paragraph 7 of the amended complaint recite legal argument or call for legal conclusions, no response is required from GMD. To the extent paragraph 7 of the amended complaint includes factual allegations, GMD lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

<u>ANSWERING THE FIRST CAUSE OF ACTION</u>
<u>JONES ACT, 46 U.S.C. §§688, et seq.</u>
<u>Eric Grove v. Bean Dredging, LLC, Bean Excavations, LLC, and C.F. Bean, LLC</u>

8. GMD repeats and realleges each and all of the foregoing responses to the allegations in paragraphs 1 through 7 of the amended complaint with equal force and effect as if set forth at length herein.

9.-14. The allegations in paragraphs 9 through 14 of the amended complaint are not directed to answering defendant.

<u>ANSWERING THE SECOND CAUSE OF ACTION</u>
<u>In Admiralty</u>
<u>Eric Grove v. Bean Dredging, LLC, Bean Excavations, LLC, and C.F. Bean, LLC</u>

15. GMD repeats and realleges each and all of the foregoing responses to the allegations in paragraphs 1 through

14 of the amended complaint with equal force and effect as if set forth at length herein.

16.-17. The allegations in paragraphs 16 through 17 of the amended complaint are not directed to answering defendant.

### ANSWERING THE THIRD CAUSE OF ACTION
### In NEGLIGENCE
### Eric Grove v. GMD Shipyard Corp.

18. GMD repeats and realleges each and all of the foregoing responses to the allegations in paragraphs 1 through 17 of the amended complaint with equal force and effect as if set forth at length herein.

19. Denies the allegations in paragraph 19 of the amended complaint.

20. Denies the allegations in paragraph 20 of the amended complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION
### In NEGLIGENCE
### Eric Grove v. Binder Machinery Co., LLC

21. GMD repeats and realleges each and all of the foregoing responses to the allegations in paragraphs 1 through 20 of the amended complaint with equal force and effect as if set forth at length herein.

22.-23.  The allegations in paragraphs 22 through 23 of the amended complaint are not directed to answering defendant.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim or cause of action upon which relief can be granted as against defendant GMD.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This action has not been brought within the time prescribed by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All risks, conditions, dangers and safety implications connected with the matters alleged in the amended complaint were at all relevant times open, apparent, visible and known to plaintiff, and plaintiff consciously and voluntarily assumed all such risks and dangers, such that some of all of plaintiff's claims against GMD are barred.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

GMD was not guilty of any negligence or culpable conduct which was a proximate cause of the alleged incident, injuries and/or damages, the existence of which is denied, of which plaintiff complains in the amended complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

GMD owed no duty of care to plaintiff, nor did GMD violate any legal duty owing to plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any injuries and damages described in the amended complaint, the existence of which are denied, were caused, in whole or in part, by the negligence, assumption of risk, or culpable conduct of plaintiff, without any contributory negligence or culpable conduct on the part of GMD contributing thereto.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to damages on account of the matters alleged in the amended complaint, which is denied, such damages were caused in whole or in part by the negligent and/or willful acts and/or omissions, or breach of contract, of persons, entities or instrumentalities over whom GMD had and has neither supervision nor control, and whose acts and/or omissions are not chargeable to GMD, with no fault or neglect of GMD contributing thereto.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The negligent acts and/or omissions of plaintiff constitute the sole proximate cause of the injuries and damages alleged in the amended complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The injuries alleged in the amended complaint were caused wholly and solely by plaintiff's willful refusal to use safety equipment provided for his use and present at the location described in the amended complaint, with no fault or negligence of GMD contributing thereto.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims and causes of action must be dismissed because the plaintiff's own fault and negligence were the superseding cause of the injuries and damages alleged in the amended complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims and causes of action must be dismissed because GMD lacked supervision or control over the activities, conditions and instrumentalities alleged to have caused the subject accident, and furthermore GMD had no right to supervise or control the same.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The resolution of matters alleged in plaintiff's amended complaint, and the parties' rights, defenses and obligations, are governed by the Maritime Law of the United States, and GMD hereby claims and asserts all defenses,

exclusions, limitations and immunities available to it under such law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

GMD had neither actual nor constructive notice of any condition or defect alleged to have caused or contributed to the matters stated in the amended complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are governed by the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §§ 901, et seq., which provides plaintiff with his exclusive remedy for the matters alleged in the amended complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

GMD is, or may be, entitled to immunity from plaintiff's claims and lawsuit, and any co-defendants' cross-claims, pursuant to 33 U.S.C. § 905.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was an employee, special employee and/or borrowed servant of GMD, and GMD is therefore immune from plaintiff's claims and lawsuit pursuant to the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §§ 901, et seq.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy one or more of the legal prerequisites for relief under the Jones Act.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS AND THIRD-PARTY PLAINTIFFS, AND AGAINST THIRD-PARTY DEFENDANT BINDER MACHINERY COMPANY LLC

1. All and singular, the matters described in the amended complaint were caused wholly and solely by the negligent and/or willful acts, omissions, breach of contract and/or breach of duty by defendants/third-party plaintiffs Bean Dredging LLC, Bean Excavating LLC and C.F. Bean LLC, and/or defendant Binder Machinery Company LLC, or some or all of them, with no fault or neglect of GMD contributing thereto.

2. Should GMD be held liable to plaintiff on account of matters stated in plaintiff's amended complaint, Bean Dredging LLC, Bean Excavating LLC and C.F. Bean LLC, and/or Binder Machinery Company LLC, or some or all of them, shall be liable to GMD in indemnity for all amounts which GMD is made to pay to plaintiff, together with interest, costs, disbursements and attorneys' fees.

3. In the alternative, should GMD be held liable to plaintiff on account of matters alleged in the plaintiff's amended complaint, Bean Dredging LLC, Bean Excavating LLC and C.F. Bean LLC, and/or Binder Machinery Company LLC, or some or

all of them, shall be liable to GMD in contribution for all amounts which GMD is made to pay to plaintiff in excess of GMD's proportionate share of fault as determined by the Court at trial, together with interest, costs, and disbursements.

WHEREFORE, defendant GMD Shipyard Corp. demands judgment:

1. Dismissing the plaintiff's amended complaint in all respects;

2. on the cross-claim, granting judgment in favor of GMD and against Bean Dredging LLC, Bean Excavating LLC and C.F. Bean LLC and/or Binder Machinery Company LLC, or some or all of them, in indemnity for all amounts which GMD is made to pay to plaintiff, together with interest, costs, disbursements and attorneys' fees;

3. in the alternative, on the cross-claim, granting judgment in favor of GMD and against Bean Dredging LLC, Bean Excavating LLC and C.F. Bean LLC, and/or Binder Machinery Company LLC, or some or all of them, in contribution for all amounts which GMD is made to pay to plaintiff in excess of GMD's proportionate share of fault as determined by the Court at trial, together with interest, costs, and disbursements;

    4.    in any event, granting defendant GMD the costs and disbursements of this action, and

    5.    granting such other and further relief as the Court deems just and proper.

```
Dated:   New York, New York         KENNEDY LILLIS SCHMIDT & ENGLISH
         June 26, 2008              Attorneys for Defendant
                                    GMD SHIPYARD CORP.


                             By:    _____
                                    Craig S. English (CE9890)
                                    75 Maiden Lane - Suite 402
                                    New York, New York   10038-4816
                                    Telephone:  212-430-0800



TO:   MICHAEL H. ZHU, ESQ., P.C.
      Attorneys for Plaintiff
      ERIC GROVE
      14 Wall Street, 22nd Floor
      New York, New York   10005
      Telephone:  (212) 227-2245

      SAMUEL J. ROSENTHAL, ESQ.
      BARRISH/ROSENTHAL
      Attorneys for Plaintiff
      Three Parkway, Suite 1320
      1601 Cherry Street
      Philadelphia, Pennsylvania   19102

      PALMER BIEZUP & HENDERSON LLP
      Attorneys for Defendants/Third-Party
       Plaintiffs BEAN DREDGING LLC, BEAN
       EXCAVATING LLC, and C.F. BEAN LLC
      140 Broadway, 46th Floor
      New York, New York   10005
      Telephone:  (212) 406-1855
      Att.:  Michael B. McCauley, Esq. (MM 7231)
```

BINDER MACHINERY CO., LLC
2820 Hamilton Boulevard
South Plainfield, New Jersey 07080
Telephone:  (908) 561-9000

## CERTIFICATION OF SERVICE

I hereby certify that on the 11th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

```
CARTAFALSA, SLATTERY, TURPIN & LENOFF
Attorneys for Third-Party Defendant
BINDER MACHINERY CO., LLC.
One Liberty Plaza
165 Broadway, 28th Floor
New York, New York  10006
Telephone:  (212) 225-7700
File: 246712
Attention:  Michael J. Lenoff, Esq. (MJL 6044)

MICHAEL H. ZHU, ESQ., P.C.
Attorneys for Plaintiff
ERIC GROVE
14 Wall Street, 22nd Floor
New York, New York  10005
Attention:  Michael H. Zhu, Esq.

PALMER BIEZUP & HENDERSON LLP
Attorneys for Defendants/Third-Party Plaintiffs
BEAN DREDGING LLC, BEAN EXCAVATING LLC, and
C.F. BEAN LLC
140 Broadway, 46th Floor
New York, New York  10005
Telephone:  212-406-1855
Attention:  Michael B. McCauley, Esq. (MM 7231)
```

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed on July 11, 2008.

                                                  */s/ Craig S. English*
                                                Craig S. English