**PALMER BIEZUP & HENDERSON LLP**
By: Michael B. McCauley (MM 7231)
140 Broadway, 46th Floor
PMB 46030
New York, NY 10005
mccauley@pbh.com
212 406 1855
Attorneys for Defendants/Third Party Plaintiffs,
Bean Dredging LLC, Bean Excavation, LLC,
and C.F. Bean LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ERIC GROVE, | Civ. No: 07 CV 8650(JGK) |
| Plaintiff, | |
| vs. | |
| BEAN DREDGING, LLC, *et al.* | |
| Defendants/Third-Party Plaintiffs, | **ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIMS** |
| vs. | |
| GMD SHIPYARD CORP., and BINDER MACHINERY COMPANY, LLC, | |
| Defendants/Third-Party Defendants. | |

---

Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC, ("Answering Defendants") by their undersigned attorneys, Palmer Biezup & Henderson, LLP, answer Plaintiff's Amended Complaint and asserts cross-claims against Defendants GMD Shipyard and Binder Machinery Co., LLC as follows:

PBH: 197849.1

1

## PARTIES

1. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Amended Complaint and, therefore, deny same.

2. Admitted.

3. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Amended Complaint and, therefore, deny same.

4. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Amended Complaint and, therefore, deny same.

## JURISDICTION AND VENUE

5. Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Amended Complaint and, therefore, deny same.

6. Denied. The averments of Paragraph 6 of the Amended Complaint are conclusions of law to which no response is required.

7. Denied. The averments of Paragraph 7 of the Amended Complaint are conclusions of law to which no response is required.

## FIRST CAUSE OF ACTION

8.  Answering Defendants repeat and re-allege each and every answer to Paragraphs 1 through 7 of Plaintiff's Amended Complaint and incorporate the same herein as if fully set forth at length.

9.  Denied. The averments in Paragraph 9 of the Amended Complaint are conclusions of law to which no response is required.

10. Denied. The averments in Paragraph 10 of the Amended Complaint are conclusions of law to which no response is required.

11. Admitted in part; Denied in part. It is admitted that Plaintiff was employed by one of the Bean Defendants. The remaining allegations contained in Paragraph 11 of the Amended Complaint are denied.

12. Denied.

13. Denied.

14. Denied.

WHEREFORE, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing the First Cause of Action of his Amended Complaint with prejudice, and further demand judgment in their favor dismissing the Amended Complaint in its entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

PBH: 197849.1

## SECOND CAUSE OF ACTION

15. Answering Defendants repeat and re-allege each and every answer to Paragraphs 1 through 14 of the Amended Complaint and incorporate the same herein as if fully set forth at length.

16. Denied.

17. The averments in Paragraph 17 of the Amended Complaint are conclusions of law and therefore are denied.

WHEREFORE, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing the Second Cause of Action of his Amended Complaint with prejudice, and further demand judgment in their favor dismissing the Amended Complaint in its entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

## THIRD CAUSE OF ACTION

18. Answering Defendants repeat and re-allege each and every answer to Paragraphs 1 through 17 of the Amended Complaint and incorporate the same herein as if fully set forth at length.

19. The averments contained within Paragraph 19 of the Amended Complaint are directed to another defendant and, accordingly, no response is required of Answering Defendants. However, to the extent that any response is required, after reasonable investigation, Answering Defendants are without knowledge or information upon which a belief as to the truth of these averments.

20. The averments contained within Paragraph 20 of the Amended Complaint are directed to another defendant and, accordingly, no response is required of Answering Defendants.

PBH: 197849.1

However, to the extent that any response is required, after reasonable investigation, Answering Defendants are without knowledge or information upon which a belief as to the truth of these averments.

WHEREFORE, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing the Third Cause of Action of his Amended Complaint with prejudice, and further demand judgment in their favor dismissing the Amended Complaint in its entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

## FOURTH CAUSE OF ACTION

21.     Answering Defendants repeat and re-allege each and every answer to paragraphs 1 through 21 of Plaintiff's Amended Complaint and incorporate the same herein as if fully set forth at length.

22.     The averments contained within Paragraph 22 of the Amended Complaint are directed to another defendant and, accordingly, no response is required of Answering Defendants. However, to the extent that any response is required, after reasonable investigation, Answering Defendant are without knowledge or information upon which a belief as to the truth of these averments.

23.     The averments contained within Paragraph 23 of the Amended Complaint are directed to another defendant and, accordingly, no response is required of Answering Defendants. However, to the extent that any response is required, after reasonable investigation, Answering

PBH: 197849.1

Defendants are without knowledge or information upon which a belief as to the truth of these averments.

WHEREFORE, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing the Fourth Cause of Action of his Amended Complaint with prejudice, and further demand judgment in their favor dismissing the Amended Complaint in its entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

### FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim against Answering Defendants for which relief can be granted.

### SECOND SEPARATE DEFENSE

The damages or injuries alleged in Plaintiff's Amended Complaint, if they occurred, which is denied, were the result of acts, errors, omissions or negligence of other parties for which Answering Defendants are not responsible.

### THIRD SEPARATE DEFENSE

The plaintiff's own negligence was the sole cause of his alleged injuries and accordingly, plaintiff's claims must be dismissed.

### FOURTH SEPARATE DEFENSE

Plaintiff was contributorily negligent and any damages to which he is entitled must be reduced accordingly.

PBH: 197849.1

### FIFTH SEPARATE DEFENSE

The damages or injuries, or some portion thereof, alleged in Plaintiff's Amended Complaint, if they occurred, which is denied, were the result of the plaintiff's assumption of the risk, for which Answering Defendants are not responsible.

### SIXTH SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were solely caused by the failure of Plaintiff to mitigate his damages.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred or decreased by the doctrine of setoff.

**WHEREFORE**, Defendants Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC demand judgment in their favor and against Plaintiff dismissing the Amended Complaint in its entirety and for attorneys' fees, and such other relief as the Honorable Court may deem appropriate and just under the circumstances.

### CROSS-CLAIMS AGAINST DEFENDANTS/THIRD PARTY DEFENDANTS GMD SHIPYARD CORP. AND BINDER MACHINERY COMPANY LLC

Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC, ("Bean") by and through their counsel, Palmer Biezup & Henderson LLP,, bring the following cross-claims against co-defendants GMD Shipyard Corp. and Binder Machinery Company LLC and state as follows:

PBH: 197849.1

1.  Bean incorporates by reference its answers to all Paragraphs to Plaintiffs' Amended Complaint and all Affirmative Defenses set forth in its Answer, as though fully set forth herein at length.

2.  If the damages alleged in the Plaintiffs' Amended Complaint are proven at trial to be true, which is denied, then said damages were occasioned in whole or in part by the fault, negligence, breaches of contract, and/or breaches of warranty (express or implied) of GMD Shipyard Corp and/or Binder Machinery Co., LLC their officers, agents, servants or employees and without the fault or negligence of Bean, its officers, agents, servants or employees, and Plaintiff should recover said damages directly from GMD Shipyard Corp and/or Binder Machinery Co., LLC .

3.  If it is determined that the Bean is somehow liable to the Plaintiff for the damages alleged in their Amended Complaint, which is denied, then such liability derives in whole or in part from the fault, negligence, and/or breaches of express or implied warranties and/or contractual obligations of GMD Shipyard Corp and/or Binder Machinery Co., LLC their officers, agents, servants or employees, and Bean should have recovery over and against and be indemnified by, or secure contribution from GMD Shipyard Corp and/or Binder Machinery Co., LLC for all such sums so recovered against Bean, inclusive of counsel fees and expenses.

WHEREFORE, Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC pray as follows:

a.  That process in due form of law according to the rules and practices of this Honorable Court may issue against GMD Shipyard Corp and/or Binder Machinery Co., LLC citing them to appear and answer under oath this cross-claim; and,

PBH: 197849.1

     b.     That GMD Shipyard Corp and/or Binder Machinery Co., LLC be adjudged directly liable to the Plaintiff for any damages proven at trial; and

     c.     That judgment be entered in favor of Bean and against GMD Shipyard Corp and/or Binder Machinery Co., LLC for indemnity and/or contribution, together with costs of suit, counsel fees and such other and further relief as this Honorable Court may deem just and proper in the circumstances.

WHEREFORE, Bean Dredging, LLC, Bean Excavation, LLC, and C.F. Bean, LLC, demand judgment in their favor and against the Plaintiff and Beam, dismissing the Amended Complaint with prejudice, together with costs and such further relief as this Honorable Court deems appropriate under the circumstances.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: New York, New York  
        August 1, 2008

By:   /s/ Michael B. McCauley  
     Michael B. McCauley (MM 7231)  
     Attorneys for Bean Dredging LLC,  
     Bean Excavation, LLC, and C.F. Bean LLC  
     140 Broadway, 46th Floor  
     PMB 46030  
     New York, NY 10005  
     mccauley@pbh.com  
     212 406 1855

PBH: 197849.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ERIC GROVE,                                              :
                                                         :  Civ. No: 07 CV 8650(JGK)
        Plaintiff,                                     :
                                                         :
    vs.                                                  :
                                                         :
BEAN DREDGING, LLC, *et al.*                             :
                                                         :
        Defendants/Third-Party Plaintiffs,             :  **AFFIRMATION OF SERVICE**
                                                         :
    vs.                                                  :
                                                         :
GMD SHIPYARD CORP., and                                  :
BINDER MACHINERY COMPANY, LLC,                           :
                                                         :
        Third-Party Defendants.                        :
-----------------------------------------------------------------

      I, Michael B. McCauley, declare under penalty of perjury that I have served a copy of the attached Answer to Amended Complaint and Cross-Claims against GMD Shipyard Corp. and Binder Machinery Company, LLC upon the below-listed attorneys on July 31, 2008 via United States First-Class Mail, postage prepaid:

                Michael H. Zhu, Esq.
                Michael H. Zhu, Esq. P.C.
                14 Wall Street, 22nd Floor
                New York, NY  10005

                Samuel J. Rosenthal, Esq.
                Barish/Rosenthal
                Three Parkway, Suite 1320
                1601 Cherry Street
                Philadelphia, PA  19102

PBH: 197849.1

Craig S. English, Esq.
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, NY 10038-4816

Michael J. Lenoff, Esq
Cartafalsa, Slattery, Turpin & Lenoff
One Liberty Plaza
165 Broadway, 28th Floor
New York, NY 10006

PALMER BIEZUP & HENDERSON LLP

Dated: New York, New York
August 1, 2008

By:   /s/ Michael B. McCauley
Michael B. McCauley (MM 7231)
Attorneys for Bean Dredging LLC,
Bean Excavation, LLC, and C.F. Bean LLC
140 Broadway, 46th Floor
PMB 46030
New York, NY 10005
mccauley@pbh.com
212 406 1855

PBH: 197849.1