UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

ERIC GROVE,

                Plaintiff.

     vs.

BEAN DREDGING LLC., BEAN EXCAVATION, LLC.,
and C.F. BEAN LLC.

              Defendants/Third-Party Plaintiffs.

     vs.

GMD SHIPYARD CORP. and BINDER MACHINERY
COMPANY, LLC.

              Third-Party Defendants.

--------------------------------------------------------------------

Civ. No.:  07 CV 8650

The Honorable John G. Koeltl

**ANSWER TO THIRD PARTY
COMPLAINT
and CROSS CLAIMS**

Third-Party Defendant demands
a trial by Jury.

Third-party defendant, BINDER MACHINERY COMPANY, LLC., by

CARTAFALSA, SLATTERY, TURPIN & TURPIN, its attorneys, answering the

third-party plaintiffs' complaint herein, respectfully shows to the Court, upon

information and belief, the following:

        FIRST:  Third-party defendant denies any knowledge or information

sufficient to form a belief as to any of the allegations contained in paragraphs of

third-party plaintiffs' complaint numbered and designated as 1, 2, 3, 5, 6, 7 and 9.

        SECOND:  Third-party defendant denies each and every allegation

contained in paragraphs of third-party plaintiffs' complaint numbered and

designated as 10, 13, 14, 15 and 16.

        THIRD:  Third-party defendant denies each and every allegation

contained in paragraph of third-party plaintiffs' complaint numbered and

designated as 12 except admits third-party defendant was only responsible for its work area and work.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

FOURTH:  That if the plaintiff sustained injuries as alleged in the Complaint, said injuries would have been brought about and caused in whole or in part by the plaintiff's own negligent and/or culpable conduct.

FIFTH:  That any damages to which plaintiff may become entitled should be diminished in the same proportion, as plaintiff's own negligent and/or culpable conduct bears to the total negligent and/or culpable conduct responsible for the injuries sustained.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

SIXTH:  That at the time of the alleged accident, the plaintiff was engaged in activity which he/she knew to be hazardous of its very nature and the plaintiff assumed the risk inherent in said activity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

SEVENTH:  The Complaint fails to state a cause of action and this third-party defendant reserves the right to move to dismiss the same at or before trial.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

EIGHTH:  The plaintiff's own actions and/or inactions were the sole proximate cause of the accident and injuries and accordingly plaintiff's claim must be dismissed.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

NINTH:  Plaintiff failed to mitigate his injuries and/or damage by using appropriate safety devices.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

TENTH:  Plaintiff alleged damages were caused by and or exsaerbated by his failure to mitigate his damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

ELEVENTH:  Defendant is entitled to a set off from any money received by plaintiff from any collateral source.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

TWELFTH:  Plaintiff was a recalcitrant worker and therefore his claims are barred in that there were available safety devices that would have prevented the accident which plaintiff for no good reason did not use.

**THE SAID THIRD-PARTY DEFENDANT(S), BINDER MACHINERY COMPANY, LLC, AS AND FOR A CROSSCLAIM, ALLEGES UPON INFORMATION AND BELIEF AS AGAINST, GMD SHIPYARD CORP.:**

EIGHTH:  That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness and/or negligence other than the plaintiff(s) own, such damages were sustained solely and directly by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission by the co-defendant(s) named above, its agents, servants and/or employees.

That the co-defendant(s) and answering third-party defendant(s) herein entered into a contract/agreement/lease wherein the co-defendant(s)

agreed to hold harmless and indemnify and assume the defense of the answering third-party defendant(s).

That by reason of the foregoing, the co-defendant(s) will be liable to indemnify and indemnify the answering third-party defendant(s) in whole for the amount of any recovery obtained herein by the plaintiff(s) against the answering third-party defendant(s) as the Court or Jury may direct as well as any costs and disbursements.

That by reason of this section, said answering third-party defendant(s) has/have been and will be put to costs and expenses including attorneys' fees.

**THE SAID THIRD-PARTY DEFENDANT, BINDER MACHINERY COMPANY, LLC, AS AND FOR A CROSSCLAIM, ALLEGES UPON INFORMATION AND BELIEF AS AGAINST GMD SHIPYARD CORP.:**

NINTH: That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract and/or strict tort liability other than of the plaintiff's, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligations, and/or Statute and/or warranty and/or contract in fact or implied in law, upon the part of the co-defendant(s) of the pleading third-party defendant(s), with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of the pleading third-party

defendant(s) contributing thereto, and if the pleading third-party defendant(s) is

found negligent as to the plaintiff(s) for injuries and damages as set forth in the

plaintiff's Complaint, then and in that event, the relative responsibilities of all said

defendants in fairness must be apportioned by a separate determination, in view

of the existing factual disparity, and the said co-defendant(s) herein will be liable

over jointly and severally to the pleading third-party defendant(s) and bound to

fully indemnify and hold the pleading third-party defendant(s) harmless for the full

amount of any verdict or judgment that the plaintiff(s) herein may recover against

the pleading third-party defendant(s) in this action, including all costs of

investigation, disbursements, expenses and attorneys' fees incurred in the

defense of this action and in the conduct of this cross complaint.

**AS AND FOR A COUNTERCLAIM BY THE THIRD-PARTY
DEFENDANT, BINDER MACHINERY COMPANY, LLC, OVER
AND AGAINST THE THIRD-PARTY PLAINTIFF, BEAN
DREDGING LLC., THE SAID THIRD-PARTY DEFENDANT
ALLEGESUPON INFORMATION AND BELIEF:**

TENTH:  That if the plaintiff was caused to sustain personal injuries

and resulting damages at the time and place set forth in the plaintiff's Complaint,

and in the manner alleged therein through any carelessness, recklessness, acts,

omissions, negligence and/or breaches of duty and/or warranty and/or contract,

other than of the plaintiff's, then the said injuries and damages arose out of the

several and joint carelessness, recklessness, acts, omissions, negligence and

breaches of duty and/or obligation, and/or Statute and/or Warranty and/or

contract in fact or implied in law, upon the part of the plaintiff(s) with

indemnification and save harmless agreement and/or responsibility by them in

fact and/or implied in law, and without any breaches or any negligence of this

pleading defendant(s) contributing thereto, and if this pleading defendant(s) is

found negligent as to the plaintiff(s) for the injuries and damages as set forth in

the plaintiff's Complaint, then and in that event, the relative responsibilities of all

said defendants in fairness must be apportioned by a separate determination, in

view of the existing factual disparity, and the said plaintiff(s) herein will be liable

over jointly and severally to this pleading defendant(s) and bound to fully

indemnify and hold this pleading defendant(s) harmless for the full amount of any

verdict or judgment that the plaintiff(s) herein may recover against this pleading

defendant(s) in this action, including all costs of investigation, disbursements,

expenses and attorney's fees incurred in the defense of this action and in the

conduct of this counterclaim.

   WHEREFORE, the third-party defendant, BINDER MACHINERY

COMPANY, LLC., demands judgment dismissing the plaintiff's Complaint herein,

together with the costs and disbursements of this action.

Dated: New York, New York
    June 4, 2008


         CARTAFALSA, SLATTERY, TURPIN & LENOFF


By: _____
    Michael J. Lenoff (MJL 6044)
    Attorneys for Third-Party Defendant
    BINDER MACHINERY CO., LLC.
    One Liberty Plaza
    165 Broadway, 28th Floor
    New York, New York 10006
    (212) 225-7700
    File No.: 246712

TO:    MICHAEL H. ZHU, ESQ.
       MICHAEL H. ZHU, ESQ., P.C.
       14 Wall Street, 22nd Floor
       New York, New York 10005

       SAMUEL J. ROSENTHAL, ESQ.
       BARISH/ROSENTHAL
       Three Parkway, Suite 1320
       1601 Cherry Street
       Philadelphia, PA 19102

       CRAIG S. ENGLISH, ESQ.
       KENNEDY LILLIS SCHMIDT & ENGLISH
       75 Maiden Lane, Suite 402
       New York, New York 10038

       MICHAEL McCAULEY
       PALMER BIEZUP & HENDERSON, LLP.
       140 Broadway, 46th Floor
       New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

ERIC GROVE,

               Plaintiff.                       Civ. No.:  07 CV 8650

     vs.                                 The Honorable John G. Koeltl

BEAN DREDGING LLC., BEAN EXCAVATION, LLC.,
and C.F. BEAN LLC.                    **INTERROGATORIES**

                 Defendants/Third-Party Plaintiffs.

     vs.

GMD SHIPYARD CORP. and BINDER MACHINERY
COMPANY, LLC.

                Third-Party Defendants.

------------------------------------------------------------------------

      Third –Party Defendant,  BINDER MACHINERY COMPANY LLC. by and

through its undersigned attorneys, CARTAFALSA, SLATTERY, TURPIN &

LENOFF, hereby propounds the following interrogatories to be answered under

oath by third-party plaintiffs within thirty (30) days of service under and pursuant

to Rule 33 of the Federal Rules of Civil Procedure.

      These interrogatories are to be deemed continuing so as to require further

answer from now until the time of trial, without further notice, if you learn further

information called for herein.

      These interrogatories are addressed to you as a party to this action, and

your answers shall be based upon the information known to you, your attorneys,

or other representatives.

1.    <u>Definitions</u>

    A.     "You" or "your" shall mean the person or entity to whom these interrogatories are addressed, or any agent or person acting on your behalf.

    B.     "Person" or "persons" shall mean any natural individual or any corporation, firm, partnership, proprietorship, association, entity, joint venture, or other business organization.

    C.     "Document" shall mean any original written, typewritten, handwritten, printed or recorded material as well as all tapes, non-duplicate copies and transcripts, now or at any time in your possession, custody or control. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, of public or private entity which has actual possession thereof. If a document was, but is no longer in your possession or subject to your control, state what disposition was made of it, by whom and the date or dates, or approximate date or dates, on which such disposition was made and why.

II.    Instructions

    In responding to these interrogatories, plaintiff shall follow the instructions set forth below:

    A.     The person to whom these interrogatories are addressed shall answer the interrogatories below under oath within thirty (30) days of service

hereof, or such shorter time as the Court may order.

B.    In answering these interrogatories, each answering party shall furnish all information available at the time of answering.

C.    If you do not answer an interrogatory in whole or in part because of a claim of privilege, set forth the privilege claimed, identify the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

D.    When a natural person is required to be identified, state his name, business and/or residence address.

E.    "Or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed as outside their scope.

F.    The singular includes the plural, and vice versa, the masculine defines the feminine and neuter genders. The past tense includes the present time where the meaning is not distorted by a change of time.

G.    When and if the responding party to these interrogatories answers any interrogatory with the phrase "see medical records" or like answer, then with respect to such medical records, identify the specific record, the type of document, its date and title and its present location.

## Interrogatories

I.       Describe in detail how the accident which is the subject of the plaintiff's Complaint occurred including, but not limited to, the events leading up to and following the alleged accident.

2.       Attach copies of all responses to interrogatories served by any party along with copies of the demands.

3.       if you contend that third-party defendant was negligent, state all facts upon which you base your contention of negligence including the date; time and place of any act or defect of vessel or appurtenances involved and the name or other identification of any person claimed to have performed or to have failed to perform such act, all to the extent that you or your attorneys, investigators or agents have information.

4.       Describe in detail any unsafe condition, defect and/or hazard which you contend was a proximate cause of the accident which is the subject of plaintiff's Complaint and state whether the condition, defect and/or hazard was latent or obvious.

5.       In the event that you allege that third-party defendant. had notice of any unsafe condition, defect and/or hazard that Plaintiff may have encountered and was involved with Plaintiff's incident, state the facts that you allege establish that Defendant had notice of such unsafe condition, defect and/or hazard.

6.    In the event that you allege that the unsafe condition, defect and/or hazard that Plaintiff may have encountered was not open and obvious, state the facts that establish that the unsafe condition, defect and/or hazard was not open and obvious.

7.    In the event that you contend that an unsafe condition. defect and/or hazard was an obvious danger, state all facts which you claim support said contention.

8.    In the event you claim the third-party defendant violated any statutes, rules, regulations or ordinances set forth with specificity which ones were violated.


DATED:    New York, New York

June 4, 2008

CARTAFALSA, SLATTERY, TURPIN & LENOFF

By:    _____

Michael J. Lenoff (MJL 6044)
Attorneys for Third-Party Defendant
BINDER MACHINERY CO., LLC.
One Liberty Plaza
165 Broadway, 28th Floor
New York, New York 10006
(212) 225-7700
File No.:  246712

TO:    MICHAEL H. ZHU, ESQ.
MICHAEL H. ZHU, ESQ., P.C.
14 Wall Street, 22nd Floor
New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

ERIC GROVE,

                              Plaintiff.                        Civ. No.:  07 CV 8650

              vs.                                               The Honorable John G. Koeltl

BEAN DREDGING LLC., BEAN EXCAVATION, LLC.,
and C.F. BEAN LLC.                                              **COMBINED DISCOVERY
                                                                DEMANDS**

                              Defendants/Third-Party Plaintiffs.

              vs.

GMD SHIPYARD CORP. and BINDER MACHINERY
COMPANY, LLC.

                              Third-Party Defendants.

------------------------------------------------------------------------

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil

Procedure you are hereby required to produce and permit discovery by the below

named third-party defendantof the item(s) listed below

**PLEASE TAKE FURTHER NOTICE** that you are hereby required

to produce and permit discovery of the item(s) listed below by serving same upon

the attorneys for the defendants herein, at their offices located at CARTAFALSA,

SLATTERY, TURPIN & LENOFF, One Liberty Plaza, 165 Broadway, 28th floor,

New York, New York 10006, on or before the 8th day of July, 2008.

**DEMAND FOR MEDICAL INFORMATION AND REPORTS**

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil

Procedure, the plaintiff is required to serve within twenty (20) days after receipt of

this notice upon the undersigned and upon all other parties to this action, the following:

1.    The names and addresses of all physicians or other health care providers of every description who have consulted, examined or treated the plaintiff's or plaintiff's decedent for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the complaint including the date of such treatment or examination.

2.    Duly executed and acknowledged, HIPPA compliant, written authorizations directed to any hospital, clinic or other health care facility in which the injured plaintiff's or plaintiff's decedent herein is or was treated or confined due to the occurrence set forth in the complaint so as to permit the securing of a copy of the entire hospital record or records including x-rays and technicians' reports. <u>Said authorizations should include the language that the authorization does not expire until the "end of this litigation".</u>

3.    Duly executed and acknowledged, HIPAA compliant, written authorizations to allow the defendant, to obtain the completed official medical records relating to plaintiff or plaintiff's decedent of each health care provider identified in (1) above. <u>Said authorizations should include the language that the authorization does not expire until the "end of this litigation".</u>

4.    Copies of all medical reports received from health care providers identified in (1) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring

to and identifying those x-rays and technicians' reports which will be offered at the trial.

5.      Duly executed and acknowledged written authorizations to allow defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for plaintiff's or plaintiff's decedent from one (1) year prior to the occurrence described in the complaint to the present date.

Upon your failure to comply herewith, the plaintiff herein will be precluded at the trial of this action from offering any evidence of the conditions described in the reports or records demanded or offering in evidence any part of the hospital records, medical records, x-ray reports or reports of other technicians not made available pursuant to this Rule, nor will the Court hear the testimony of any physicians whose medical reports have not been served pursuant to the aforesaid demand.

## NOTICE FOR DISCOVERY AND INSPECTION

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure and the cases of ZELLMAN v. METROPOLITAN TRANSPORTATION AUTHORITY, 40 A.D. 2d 248 and ZAYAS v. MORALES, 45 A.D. 2d 610, you are hereby required to produce and permit discovery by the defendant(s) herein of the names and addresses of all eyewitnesses to the occurrence and all notice witnesses and the names and addresses of all those witnesses who may be called to testify at a trial of this matter to the event itself or towards the question of notice, such accident having allegedly occurred on the 21st day of July, 2006.

## NOTICE FOR DISCOVERY AND INSPECTION
## OF EXPERT WITNESSES

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil

Procedure, the defendants, by their attorneys, CARTAFALSA, SLATTERY,

TURPIN & LENOFF, demands that all parties and their attorneys, produce and

permit discovery by the defendant, its attorneys or another acting on its behalf,

the following documents and things for inspection, copying, photographing and

testing:

1.    Set forth the names and addresses of each person you intend to

call as an expert witness at the time of trial of this action, and

2.    Describe in reasonable detail the subject matter on which each

expert is expected to testify, and

3.    Set forth the substance of the facts and opinions on which each

expert is expected to testify, and

4.    Set forth the qualifications of each expert witness, and

5.    Set forth a summary of the grounds for each expert's opinion, and

6.    Set forth a copy of the expert's report.

**PLEASE TAKE FURTHER NOTICE**, THAT in the event that an expert is

retained subsequent to the service of this notice, such information is to be

furnished to the offices of CARTAFALSA, SLATTERY, TURPIN & LENOFF,

whenever so obtained.  The offices of CARTAFALSA, SLATTERY, TURPIN &

LENOFF, will object at the time of trial of this action to the testimony of any

expert witness with regard to whom you have failed to comply with this Notice for

Discovery and Inspection.

**PLEASE TAKE FURTHER NOTICE**, that a written communication enclosing the aforerequested information may be set to the above named attorneys prior to the above mentioned time in lieu of a personal appearance on the above date.

## NOTICE FOR DISCOVERY AND INSPECTION

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure you are hereby required to produce and permit discovery by the below named defendant(s) of the item(s) listed below.

1) Any and all bills and receipts for medical expenses which plaintiff will claim as damages in this action.

2) Any instrumentality, object and/or equipment which plaintiff will claim effectuated or in any way contributed to the alleged injuries for which plaintiff seeks recovery in this action.

3) Any and all photographs of the scene of the occurrence and/or property involved in the incident alleged in the complaint, and of any alleged injuries. If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in a sworn reply to this demand.

4) Any written statement, signed or unsigned; oral statement; or any recorded statement or document made by or taken from any party represented by the undersigned in this action, or from any agent, servant employee of any defendant represented by the undersigned herein.

5)  All estimates of repair, bills, receipts and other proof of loss for the alleged damage to plaintiff(s) property alleged in the complaint as a result of the incident alleged therein.

6)  Payroll or pay records or receipts for the period one year prior to the date of the occurrence and subsequent to the date of the occurrence to the present, showing any and all amounts earned by plaintiff as the result of any work performed by plaintiff.

7)  Authorization(s) to obtain copies of records relating to payments to plaintiff or any person who paid plaintiff for work performed during the period specified above.

8)  Copies of income tax returns, including W-2's and all schedules submitted to IRS, for the two year period prior to the occurrence, the year of the occurrence, and all years subsequent to the occurrence to date.

9)  Copies of the income tax returns filed by the plaintiff and the W-2 forms received by the plaintiff and filed with the United States Federal Government, New York State Government and the New York City Government for 2 years prior to and 1 year post accident date.

10)  All reports relating to the occurrence prepared by any party or its agent(s) in the regular course of business.

11)  A copy of any insurance policy (including excess, umbrella and co-insurance policies) which may provide coverage to a party for any of the claims asserted against that party in this action.

**PLEASE TAKE FURTHER NOTICE**, that, upon your failure to produce the aforesaid, the undersigned will object at the trial of this action to the offer of any evidence of loss of earnings of the plaintiff or any other material contained in such documents.

**PLEASE TAKE FURTHER NOTICE** that the above demands are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

Dated:  New York, New York
           June 4, 2008

CARTAFALSA, SLATTERY, TURPIN & LENOFF

By:        _____

Michael J. Lenoff (MJL 6044)
Attorneys for Third-Party Defendant
BINDER MACHINERY CO., LLC.
One Liberty Plaza
165 Broadway, 28th Floor
New York, New York 10006
(212) 225-7700
File No.:  246712

TO:    MICHAEL H. ZHU, ESQ.
         MICHAEL H. ZHU, ESQ., P.C.
         14 Wall Street, 22nd Floor
         New York, New York 10005

         SAMUEL J. ROSENTHAL, ESQ.
         BARISH/ROSENTHAL
         Three Parkway, Suite 1320
         1601 Cherry Street
         Philadelphia, PA 19102

         CRAIG S. ENGLISH, ESQ.
         KENNEDY LILLIS SCHMIDT & ENGLISH

75 Maiden Lane, Suite 402
New York, New York 10038

MICHAEL McCAULEY
PALMER BIEZUP & HENDERSON, LLP.
140 Broadway, 46th Floor
New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

ERIC GROVE,

                        Plaintiff.

            vs.

BEAN DREDGING LLC., BEAN EXCAVATION, LLC.,
and C.F. BEAN LLC.

                    Defendants/Third-Party Plaintiffs.

           vs.

GMD SHIPYARD CORP. and BINDER MACHINERY
COMPANY, LLC.

                Third-Party Defendants.

-----------------------------------------------------------------------

Civ. No.:  07 CV 8650

The Honorable John G. Koeltl

**NOTICE FOR DISCOVERY AND
INSPECTION OF THIRD-PARTY
PLAINTIFF**

     **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

, you are hereby required to produce for discovery, inspection and xerox copying,

at the offices of CARTAFALSA, SLATTERY, TURPIN & LENOFF, at 165

Broadway, New York, New York 10006 on the 8th day of July, 2008, at 2:00 p.m.

the following documents:

     1.  Copies of any and all transcripts of Examinations Before Trial

heretofore conducted including all exhibits.

     2.  If no Examinations Before Trial have been heretofore conducted,

copies of any and all notices of Examinations Before Trial heretofore served by

the plaintiff(s), defendant(s) and third-party plaintiff(s) and co-third-party

defendant(s).

     3.  Copies of all medical reports submitted by the plaintiff(s).

4.  Copies of the medical reports of any physical examinations conducted of the plaintiff(s) on behalf of the defendant(s) and third-party plaintiff(s) and co-third-party defendant(s).

5.  Copies of any written statements taken by the defendant(s) and third-party plaintiff(s) or representatives on their behalf of the third-party defendant(s), or agents, servants or employees of the third-party defendant(s).

6.  Copies of all Notices to Admit and the answers thereto served by or upon defendant(s) and third-party plaintiff(s).

7.  Copies of all Interrogatories and the answers thereto served by or upon defendant(s) and third-party plaintiff(s).

8.  Copies of all Notices for Discovery and Inspection and copies of all papers supplied to counsel in compliance therewith, heretofore served by or upon defendant(s) and third-party plaintiff(s).

9.  Copies of the Note of Issue, Jury Demand, Statement of Readiness, and all other papers served and filed in connection with placing this case on the calendar of the Court.

10.  Copies of any photographs taken of the area allegedly involved in the accident of the plaintiff(s).

Dated:  New York, New York
       June 4, 2008

                           CARTAFALSA, SLATTERY, TURPIN & LENOFF

By:      _____
             Michael J. Lenoff (MJL 6044)
             Attorneys for Third-Party Defendant
             BINDER MACHINERY CO., LLC.
             One Liberty Plaza
             165 Broadway, 28th Floor
             New York, New York 10006
             (212) 225-7700
             File No.:  246712

TO:    MICHAEL H. ZHU, ESQ.
       MICHAEL H. ZHU, ESQ., P.C.
       14 Wall Street, 22nd Floor
       New York, New York 10005

       SAMUEL J. ROSENTHAL, ESQ.
       BARISH/ROSENTHAL
       Three Parkway, Suite 1320
       1601 Cherry Street
       Philadelphia, PA 19102

       CRAIG S. ENGLISH, ESQ.
       KENNEDY LILLIS SCHMIDT & ENGLISH
       75 Maiden Lane, Suite 402
       New York, New York 10038

       MICHAEL McCAULEY
       PALMER BIEZUP & HENDERSON, LLP.
       140 Broadway, 46th Floor
       New York, New York 10005

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK )

      MARIA CHAVEZ, being duly sworn, deposes and says; that deponent is

not a party to this action, that she is of 18 years and upwards; and that she is a Clerk in

the offices of CARTAFALSA, SLATTERY, TURPIN & LENOFF attorneys for Third-Party

Defendant, BINDER MACHINERY COMPANY, LLC.  in the above entitled action; that

the office address of said attorneys is 165 Broadway, New York, New York 10006; that

on the 10th day of June, 2008 deponent served upon

| | |
|---|---|
| MICHAEL H. ZHU, ESQ.<br>MICHAEL H. ZHU, ESQ., P.C.<br>14 Wall Street, 22nd Floor<br>New York, New York 10005 | SAMUEL J. ROSENTHAL, ESQ.<br>BARISH/ROSENTHAL<br>Three Parkway, Suite 1320<br>1601 Cherry Street<br>Philadelphia, PA 19102 |
| CRAIG S. ENGLISH, ESQ.<br>KENNEDY LILLIS SCHMIDT & ENGLISH<br>75 Maiden Lane, Suite 402<br>New York, New York 10038 | MICHAEL McCAULEY<br>PALMER BIEZUP & HENDERSON, LLP.<br>140 Broadway, 46th Floor<br>New York, New York 10005 |

herein a copy of  ANSWER TO THIRD PARTY COMPLAINT and CROSSCLAIMS,

INTERROGATORIES and COMBINED DISCOVERY DEMANDS which is annexed is a

true copy, by depositing same properly enclosed in a postpaid wrapper in the U.S. Post

Office Box at 165 Broadway, New York, New York on said date, directed to said

attorneys at the above address(es) designated by said attorneys in the last paper

served herein.

MARIA CHAVEZ

Sworn to before me this date,
10th day of June, 2008.



_____
NOTARY PUBLIC

**Glenda Salomon**
**Notary Public State of New York**
**No. 01SA6174849**
**Qualified in Kings County**
**Commission Expires in 10/01/2011**

*CIV NO. 07 CV 8650*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC GROVE,

                   Plaintiff.

    vs.

BEAN DREDGING LLC., BEAN EXCAVATION, LLC., and C.F. BEAN LLC.

                   Defendants/Third-Party Plaintiffs.

    vs.

GMD SHIPYARD CORP. and BINDER MACHINERY COMPANY, LLC.

                   Third-Party Defendants.

---

ANSWER TO THIRD PARTY COMPLAINT and CROSSCLAIMS, INTERROGATORIES and COMBINED DISCOVERY DEMANDS

---

## CARTAFALSA, SLATTERY, TURPIN & LENOFF

*Attorneys for Third-Party Defendant,* BINDER MACHINERY COMPANY, LLC.
One Liberty Plaza
165 Broadway - 28th Floor
New York, New York 10006
(212) 225-7700

---

TO:
*Attorney(s) for*

---

*Service of a copy of the within*                *is hereby admitted.*

*Dated:*

                   …………………………………
                   *Attorney(s) for*

---

PLEASE TAKE NOTICE

☐        *that the within is a (certified) true copy of a(n)*      *entered in*
Notice of Entry     *the office of the within named Court on*    *, 200*  *.*

☐        *that an Order of which the within is a true copy will be presented for*
Notice of Settlement  *settlement to the Hon.*   *, one of the judges of the within named Court, at*
              *on*    *, 200*   *, at 9:30 a.m.*

*Dated: New York, New York*

                   **CARTAFALSA, SLATTERY,
                   TURPIN & LENOFF**