UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ERIC GROVE
P.O. Box 46843
Las Vegas, Nevada 89114

                Plaintiff.

vs.

BEAN DREDGING LLC.,
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

BEAN EXCAVATION, LLC.,
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

C.F. BEAN LLC.
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

GMD SHIPYARD CORP.
111 Livingston Street, Suite 1110
Brooklyn, New York 11201

  and

BINDER MACHINERY COMPANY, LLC.
2820 Hamilton Boulevard
South Plainfield, New Jersey 07080

                Defendants.

-----------------------------------------------------------------------X

Civ. No.:  07 CV 8650

The Honorable John G. Koeltl

**ANSWER TO AMENDED COMPLAINT**

Defendant demands a trial by Jury.

      Defendant, BINDER MACHINERY COMPANY, LLC., by CARTAFALSA, SLATTERY, TURPIN & LENOFF, its attorneys, answering the plaintiff's complaint herein, respectfully shows to the Court, upon information and belief, the following:

## ANSWERING THE ALLEGED FIRST CAUSE OF ACTION

FIRST: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's complaint numbered and designated as 1, 2, 3, 5, 6 and 7.

SECOND: Defendant denies each and every allegation contained in paragraph of plaintiff's complaint numbered and designated as 4.

## ANSWERING THE ALLEGED SECOND CAUSE OF ACTION

THIRD: In answer to paragraph 8, Defendant repeats and reiterates each and every answer made to paragraphs 1 to 7 inclusive, with the same force and effect as though set forth herein once again at length.

FOURTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's complaint numbered and designated as 9, 10, 11, 12, 13 and 14.

## ANSWERING THE ALLEGED THIRD CAUSE OF ACTION

FIFTH: In answer to paragraph 15, Defendant repeats and reiterates each and every answer made to paragraphs 1 to 14 inclusive, with the same force and effect as though set forth herein once again at length.

SIXTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's complaint numbered and designated as 16 and 17.

## ANSWERING THE ALLEGED FOURTH CAUSE OF ACTION

SEVENTH: In answer to paragraph 18, Defendant repeats and reiterates each and every answer made to paragraphs 1 to 17 inclusive, with the

same force and effect as though set forth herein once again at length.

EIGHTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's complaint numbered and designated as 19 and 20.

### ANSWERING THE ALLEGED FIFTH CAUSE OF ACTION

NINTH: In answer to paragraph 21, Defendant repeats and reiterates each and every answer made to paragraphs 1 to 20 inclusive, with the same force and effect as though set forth herein once again at length.

TENTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's complaint numbered and designated as 22 and 23.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

ELEVENTH: That if the plaintiff sustained injuries as alleged in the Complaint, said injuries would have been brought about and caused in whole or in part by the plaintiff's own negligent and/or culpable conduct.

TWELFTH: That any damages to which plaintiff may become entitled should be diminished in the same proportion, as plaintiff's own negligent and/or culpable conduct bears to the total negligent and/or culpable conduct responsible for the injuries sustained.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

THIRTEENTH: That at the time of the alleged accident, the plaintiff was engaged in activity which he/she knew to be hazardous of its very nature and the plaintiff assumed the risk inherent in said activity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

FOURTEENTH: The Complaint fails to state a cause of action and this Defendant reserves the right to move to dismiss the same at or before trial.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

FIFTEENTH: The plaintiff's own actions and/or inactions were the sole proximate cause of the accident and injuries and accordingly plaintiff's claim must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

SIXTEENTH: Plaintiff failed to mitigate his injuries and/or damage by using appropriate safety devices.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

SEVENTEENTH: Plaintiff alleged damages were caused by and or exsaerbated by his failure to mitigate his damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

EIGHTEENTH: Defendant is entitled to a set off from any money received by plaintiff from any collateral source.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

NINETEENTH: Plaintiff was a recalcitrant worker and therefore his claims are barred in that there were available safety devices that would have prevented the accident which plaintiff for no good reason did not use.

**THE SAID DEFENDANT(S), BINDER MACHINERY COMPANY, LLC, AS AND FOR A CROSSCLAIM, ALLEGES UPON INFORMATION AND BELIEF AS AGAINST, GMD SHIPYARD CORP.:**

TWENTIETH: That if the plaintiff was caused to sustain damages

at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness and/or negligence other than the plaintiff(s) own, such damages were sustained solely and directly by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission by the co-defendant(s) named above, its agents, servants and/or employees.

That the co-defendant(s) and answering Defendant(s) herein entered into a contract/agreement/lease wherein the co-defendant(s) agreed to hold harmless and indemnify and assume the defense of the answering Defendant(s).

That by reason of the foregoing, the co-defendant(s) will be liable to indemnify and indemnify the answering Defendant(s) in whole for the amount of any recovery obtained herein by the plaintiff(s) against the answering Defendant(s) as the Court or Jury may direct as well as any costs and disbursements.

That by reason of this section, said answering Defendant(s) has/have been and will be put to costs and expenses including attorneys' fees.

**THE SAID DEFENDANT, BINDER MACHINERY COMPANY, LLC, AS AND FOR A CROSSCLAIM, ALLEGES UPON INFORMATION AND BELIEF AS AGAINST GMD SHIPYARD CORP.:**

TWENTY-FIRST:  That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract and/or strict tort liability other than of the plaintiff's, then

the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligations, and/or Statute and/or warranty and/or contract in fact or implied in law, upon the part of the co-defendant(s) of the pleading Defendant(s), with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of the pleading Defendant(s) contributing thereto, and if the pleading Defendant(s) is found negligent as to the plaintiff(s) for injuries and damages as set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the said co-defendant(s) herein will be liable over jointly and severally to the pleading Defendant(s) and bound to fully indemnify and hold the pleading Defendant(s) harmless for the full amount of any verdict or judgment that the plaintiff(s) herein may recover against the pleading Defendant(s) in this action, including all costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of this action and in the conduct of this cross complaint.

**AS AND FOR A COUNTERCLAIM BY THE DEFENDANT, BINDER MACHINERY COMPANY, LLC, OVER AND AGAINST THE PLAINTIFF'S, BEAN DREDGING LLC., THE SAID DEFENDANT ALLEGESUPON INFORMATION AND BELIEF:**

TWENTY-SECOND: That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's Complaint, and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty

and/or warranty and/or contract, other than of the plaintiff's, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation, and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the plaintiff(s) with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of this pleading defendant(s) contributing thereto, and if this pleading defendant(s) is found negligent as to the plaintiff(s) for the injuries and damages as set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the said plaintiff(s) herein will be liable over jointly and severally to this pleading defendant(s) and bound to fully indemnify and hold this pleading defendant(s) harmless for the full amount of any verdict or judgment that the plaintiff(s) herein may recover against this pleading defendant(s) in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this counterclaim.

WHEREFORE, the Defendant, BINDER MACHINERY COMPANY, LLC., demands judgment dismissing the plaintiff's Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
July 15, 2008

                    CARTAFALSA, SLATTERY, TURPIN & LENOFF

By: *Michael Lenoff*
Michael J. Lenoff (MJL 6044)
Attorneys for Defendant
BINDER MACHINERY CO., LLC.
One Liberty Plaza
165 Broadway, 28th Floor
New York, New York 10006
(212) 225-7700
File No.: 246712

TO: MICHAEL H. ZHU, ESQ.
MICHAEL H. ZHU, ESQ., P.C.
14 Wall Street, 22nd Floor
New York, New York 10005

SAMUEL J. ROSENTHAL, ESQ.
BARISH/ROSENTHAL
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

CRAIG S. ENGLISH, ESQ.
KENNEDY LILLIS SCHMIDT & ENGLISH
75 Maiden Lane, Suite 402
New York, New York 10038

MICHAEL McCAULEY
PALMER BIEZUP & HENDERSON, LLP.
140 Broadway, 46th Floor
New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
ERIC GROVE
P.O. Box 46843
Las Vegas, Nevada 89114                                  Civ. No.:  07 CV 8650

                Plaintiff.                   The Honorable John G. Koeltl

vs.                                                      **NOTICE TO TAKE**
                                                         **DEPOSITION**

BEAN DREDGING LLC.,
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

BEAN EXCAVATION, LLC.,
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

C.F. BEAN LLC.
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

GMD SHIPYARD CORP.
111 Livingston Street, Suite 1110
Brooklyn, New York 11201

   and

BINDER MACHINERY COMPANY, LLC.
2820 Hamilton Boulevard
South Plainfield, New Jersey 07080

                Defendants.
---------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that the undersigned will take on behalf of the Defendant, BINDER MACHINERY COMPANY, LLC., at a mutually convenient date and time to be decided upon, at the office of CARTAFALSA, SLATTERY, TURPIN & LENOFF, One Liberty Plaza, 165 Broadway, 28th Floor

New York, New York 10006 the oral examination of PLAINTIFF(S) AND ALL DEFENDANTS by order of caption, and the same will continue from day to day until completed, concerning all of the relevant facts and circumstances in connection with this litigation, including liability and damages.

Defendant(s) shall reserve the right to use electronic audio and visual means to record said examination in conjunction with or instead of stenographic recordings pursuant to application Court rules.

**PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the testimony, the aforesaid party is hereby required to produce all medical bills, accident reports, salary records and/or job records which may be used by the person(s) so testifying to refresh their recollection as to the matters hereinabove set forth.

Dated:  New York, New York
        July 15, 2008

CARTAFALSA, SLATTERY, TURPIN & LENOFF

By: _____
Michael J. Lenoff (MJL 6044)
Attorneys for Defendant
BINDER MACHINERY CO., LLC.
One Liberty Plaza
165 Broadway, 28th Floor
New York, New York 10006
(212) 225-7700
File No.: 246712

TO:  MICHAEL H. ZHU, ESQ.
     MICHAEL H. ZHU, ESQ., P.C.
     14 Wall Street, 22nd Floor
     New York, New York 10005

     SAMUEL J. ROSENTHAL, ESQ.

BARISH/ROSENTHAL
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

CRAIG S. ENGLISH, ESQ.
KENNEDY LILLIS SCHMIDT & ENGLISH
75 Maiden Lane, Suite 402
New York, New York 10038

MICHAEL McCAULEY
PALMER BIEZUP & HENDERSON, LLP.
140 Broadway, 46th Floor
New York, New York 10005

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                                          ) SS.:
COUNTY OF NEW YORK )

      MARIA CHAVEZ, being duly sworn, deposes and says; that deponent is not a party to this action, that she is of 18 years and upwards; and that she is a Clerk in the offices of CARTAFALSA, SLATTERY, TURPIN & LENOFF attorneys for Third-Party Defendant, BINDER MACHINERY COMPANY, LLC. in the above entitled action; that the office address of said attorneys is 165 Broadway, New York, New York 10006; that on the 15th day of July, 2008 deponent served upon

| | |
|---|---|
| MICHAEL H. ZHU, ESQ.<br>MICHAEL H. ZHU, ESQ., P.C.<br>14 Wall Street, 22nd Floor<br>New York, New York 10005 | SAMUEL J. ROSENTHAL, ESQ.<br>BARISH/ROSENTHAL<br>Three Parkway, Suite 1320<br>1601 Cherry Street<br>Philadelphia, PA 19102 |
| CRAIG S. ENGLISH, ESQ.<br>KENNEDY LILLIS SCHMIDT & ENGLISH<br>75 Maiden Lane, Suite 402<br>New York, New York 10038 | MICHAEL McCAULEY<br>PALMER BIEZUP & HENDERSON, LLP.<br>140 Broadway, 46th Floor<br>New York, New York 10005 |

herein a copy of ANSWER TO AMENDED COMPLAINT and NOTICE TO TAKE DEPOSITION which is annexed is a true copy, by depositing same properly enclosed in a postpaid wrapper in the U.S. Post Office Box at 165 Broadway, New York, New York on said date, directed to said attorneys at the above address(es) designated by said attorneys in the last paper served herein.

                                                        MARIA CHAVEZ

Sworn to before me this date,
15th day of July, 2008.

_____
NOTARY PUBLIC

Glenda Salomon
Notary Public State of New York
No. 01SA6174849
Qualified in Kings County
Commission Expires in 10/01/2011

*CIV NO. 07 CV 8650*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC GROVE
P.O. Box 46843
Las Vegas, Nevada 89114

        Plaintiff,

  vs.

BEAN DREDGING LLC.,
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

BEAN EXCAVATION, LLC.,
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

C.F. BEAN LLC.
1055 St. Charles Avenue, Suite 500
New Orleans, Louisiana 70130

GMD SHIPYARD CORP.
111 Livingston Street, Suite 1110
Brooklyn, New York 11201

  and

BINDER MACHINERY COMPANY, LLC.
2820 Hamilton Boulevard
South Plainfield, New Jersey 07080

        Defendants.

---

ANSWER TO AMENDED COMPLAINT and NOTICE TO TAKE DEPOSITION

---

## CARTAFALSA, SLATTERY, TURPIN & LENOFF
*Attorneys for Third-Party Defendant,* BINDER MACHINERY COMPANY, LLC.
One Liberty Plaza
165 Broadway - 28th Floor
New York, New York 10006
(212) 225-7700

---

TO:
*Attorney(s) for*

---

*Service of a copy of the within*          *is hereby admitted.*

*Dated:*

                                   ..........................................
                                     Attorney(s) for